UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE TABOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 1997 RWS |
| | ) | |
| BAYER CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER OF REMAND**

Plaintiffs filed this action in Missouri state court, claiming personal injuries resulting from the promotion, sale, and distribution of the medical device for permanent birth control known as Essure. The ninety-four Plaintiffs are citizens of a number of states, including Missouri, Indiana, Pennsylvania, and New Jersey.

Defendant Bayer Corporation is a citizen of Indiana and Pennsylvania. Defendant Bayer HealthCare LLC is a citizen of New Jersey and Pennsylvania. Defendant Bayer Essure, Inc. is a citizen of New Jersey. Defendant Bayer HealthCare Pharmaceuticals, Inc. is a citizen of New Jersey.

Defendants first removed this case on October 28, 2016 based in part on diversity jurisdiction under 28 U.S.C. § 1332(a). I found that subject matter jurisdiction was lacking and remanded the case on December 16, 2016. On July 19, 2017, Defendants removed this case for a second time asserting that all of the

non-Missouri plaintiffs should be dismissed from the case and that the Court's diversity jurisdiction would apply to the remaining Missouri plaintiffs' claims.

Defendants impetus for this second removal was the United States Supreme Court's ruling in Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (2017). In that case the Supreme Court held that a state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed even if those plaintiffs join their claims with in-state plaintiffs. Defendants also rely on the Supreme Court of Missouri's preliminary writ of prohibition in State ex. Rel. Bayer Corp. v. Moriarty, No SC96189 (Mo. 2017), a case similar to the present case regarding a motion in state court to dismiss the claims of non-resident plaintiffs. In addition, Defendants cite a case from our Court, Jordan v. Bayer Corp., No. 4:17 CV 865 CEJ (E.D. Mo. 2017), in which the claims of non-resident plaintiffs in a similar case against Bayer were dismissed based on the Bristol-Myers decision.[1]

Defendants' legal ground for their second attempt to remove this case is a changed circumstances exception to the time limitation for removal in 28 U.S.C. § 1446(b). Under that statute a case must be removed within 30 days after the receipt by the defendant of a plaintiff's initial pleading through formal service of process. Section 1446(b)(1); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526

---

[1] The decisions in Moriarty and Jordan were issued after the Supreme Court's ruling in Bristol-Myers. None of these cases involved the issue of removal under 28 U.S.C. § 1446(b)(3).

U.S. 344, 350 (1999) . When an initial pleading is not removable, a new 30-day window is opened to allow the removal of a case after the receipt by the defendant of an "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants assert that the rulings in Bristol-Myers and Moriarty are orders and/or other paper which trigger a new 30-day period for removal under section 1446(b)(3). However, the order and other paper exception is predominately limited to orders and other paper issued in the individual case that is being removed. Orders and rulings in other unrelated cases do not trigger the recommencement of the 30-day time limit. See Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 969-970 (8th Cir. 2007); Erhart v. Bayer Corp., 4:17 CV 1996 SNLJ (Doc. # 49, Sept. 27, 2017). As a result, Defendants' removal of this matter a second time is procedurally improper and I will grant Plaintiffs' motion to remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** without prejudice as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2017.